### FRANK vs. GODWIN, AD.

Where issues were made up in the probate court and submitted to the court and verdict for the defendant, and the judgment of the probate court was affirmed in the circuit court, and it appears that the judgment of the probate court was fully warranted by the evidence, the case will not be reversed.

A judgment will not be reversed and a repleader awarded in order to permit the party first in fault to take advantage of the immateriality of an issue, superinduced by his own blunder.

*Appeal from Chicot Circuit Court.*

Hon. W. M. HARRISON, Circuit Judge.

GARLAND & NASH, for appellant.

Mr. Justice COMPTON delivered the opinion of the court.

This was a proceeding in the probate court of Chicot county for allowance and classification of a claim against the estate of W. T. Ferguson, deceased.

The administrator pleaded that the claim was not presented to him within two years next after the date of the letters of administration; to which the plaintiff replied, first, that there was no sufficient notice to him of the grant of letters of administration; second, that by ordinance of the convention of 1861, the statute of non-claim was suspended, and continued so to be up to and until the time when said claim was presented; and third, that the county of Chicot was, at the time of granting said letters and for more than two years next thereafter, held and occupied by the

enemies of the United States, and that there were no legal courts held in said county in which the plaintiff could assert his claim, or which had the power to grant letters of administration. Upon these replications issues were joined and submitted, on an agreed state of facts, to the court, who found for the defendant, and rendered judgment disallowing the claim. Whereupon the plaintiff appealed to the circuit court, where, on due consideration of the points excepted to, the judgment of the probate court was affirmed, and the case now comes up by appeal to this court.

The finding of the court upon the issue to the first replication was fully warranted by the evidence.

As to the second replication, waiving any expression of opinion as to the power of the convention of 1861, to suspend the statute of limitations and non-claim, in certain cases, it is sufficient to say, that the evidence adduced did not bring the claim in question, within the provisions of the ordinance; and consequently the finding of the court upon the issue to this replication was also correct.

Upon the authority of *Hawkins vs. Filkins* and *Bennett ad. vs. Worthington*, decided at the last term, the third replication was insufficient; and the issue thereto was immaterial. But the immateriality of the issue cannot affect the judgment in this case; because it is a well settled rule of law, that the judgment will not be reversed and a re-pleader awarded, in order to permit the party first in fault to take advantage of the immateriality of an issue superinduced by his own blunder.

Finding no error in the record, the judgment must, in all things be affirmed.